UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X

MONIQUE MERHIGE-MURPHY,

                Plaintiff,

                            **OPINION & ORDER**
    -against-                         **CV-07-1526 (SJF)(ARL)**

VICON INDUSTRIES, INC. and
BRET MCGOWAN, indvidual,



                Defendants
----------------------------------------------------------X
FEUERSTEIN, J.

I.      Introduction

Plaintiff Monique Merhige-Murphy ("Plaintiff") commenced this action against Vicon Industries, Inc. ("Vicon") and Bret McGowan ("McGowan," and collectively, "Defendants"), seeking damages against Defendants for gender discrimination in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e to e-17 ("Title VII"), and the New York State Executive Law, Human Rights Law § 290 et seq. ("NYSHRL"), and for intentional infliction of emotional distress. The Defendants move for dismissal for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6). For the reasons set forth below, Defendants' motion is granted in part and denied in part.

II.     Facts and Procedural History

Plaintiff, a female, was employed by Vicon as a field marketing manager beginning in April, 2005. In March 2006, Plaintiff met separately with Kristen Dorr ("Dorr"), Vicon's human resources manager, and Ken Darby ("Darby"), its CEO, to discuss a promotion to the position of

1

marketing director. On or about March 20, 2006, Ray Palatta ("Palatta"), a graphic designer at Vicon, referred to Plaintiff's "fat ass." Compl. p. 5; Palatta Aff., Mot. Exh. D. On or about April 17, 2006, Palatta allegedly remarked that Plaintiff "does nothing all day except eat doughnuts." Compl. p. 6. During an April 17, 2006 meeting with McGowan, Plaintiff was informed that her request for a promotion was denied. On May 2, 2006, McGowan terminated Plaintiff's employment with Vicon.

Plaintiff filed a charge with the Equal Employment Opportunity Commission ("EEOC") on September 12, 2006, received a right-to-sue letter from the EEOC on January 29, 2007, and filed the instant complaint on April 12, 2007.

III. Analysis

    A. Standard of Review

In considering a motion to dismiss pursuant to Rule 12(b)(6), the Court must liberally construe the claims, accept all factual allegations in the complaint as true, and draw all reasonable inferences in favor of the plaintiff. See Roth v. Jennings, 489 F.3d 499, 510 (2d Cir. 2007). "The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." Villager Pond, Inc. v. Town of Darien, 56 F.3d 375, 378 (2d Cir.1995) (internal quotations and citation omitted). In other words, "'the office of a motion to dismiss is merely to assess the legal feasibility of the complaint, not to assay the weight of the evidence which might be offered in support thereof.'" Eternity Global Master Fund Ltd. v. Morgan Guar. Trust Co. of New York, 375 F.3d 168, 176 (2d Cir. 2004) (quoting Geisler v. Petrocelli, 616 F.2d 636, 639 (2d Cir. 1980)). However, in order to withstand a motion to dismiss, a complaint must plead "enough facts to state a claim for relief that is plausible on its

2

face." Bell Atl. Corp. v. Twombly, 127 S. Ct. 1955, 1974 (2007); Patane v. Clark, 2007 U.S. App. LEXIS 27391 (2d Cir. 2007).

B. The Individual Defendant

Plaintiff brings claims under Title VII and NYSHRL against Defendant Bret McGowan in his individual capacity.

1. Title VII

Individuals in supervisory positions are not subject to personal liability under Title VII, Tomka v. Seiler Corp., 66 F.3d 1295, 1317 (2d Cir. 1995). Thus, Plaintiff's claims against McGowan under Title VII are dismissed.

2. NYSHRL

Section 296(6) of the NYSHRL states that it shall be an unlawful discriminatory practice "for any person to aid, abet, incite, compel or coerce the doing of any of the acts forbidden under this article, or attempt to do so." N.Y. Exec. Law § 296(6). Thus, "a defendant who actually participates in the conduct giving rise to a discrimination claim may be held personally liable under the HRL." Tomka, 66 F.3d at 1317 (2d Cir. 1995). See also Zhao v. State University of New York, 472 F. Supp.2d 289, 320 (E.D.N.Y. 2007); Russo-Lubrano v. Brooklyn Fed. Sav. Bank, No. CV 06-0672, 2007 U.S. Dist. LEXIS 2646 (E.D.N.Y. 2007).

Plaintiff alleges that McGowan participated in the conduct giving rise to her gender discrimination claim, and therefore Defendants' motion to dismiss Plaintiff's claim against McGowan under the NYSHRL is denied. See Russo-Lubrano, 2007 U.S. Dist. LEXIS 2646.

C. Title VII & NYSHRL Claims

Defendants move to dismiss Plaintiff's complaint on the ground that she has failed to

state a claim for employment discrimination.[1]

For the purposes of surviving a motion to dismiss, an employment discrimination complaint "must contain only 'a short and plain statement of the claim showing that the pleader is entitled to relief.'" Swierkiewicz v. Sorema N.A., 534 U.S. 506, 508 (2002) (citing Fed. Rule Civ. Proc. 8(a)(2)). A complaint will be sufficient if it "gives respondent fair notice of the basis for petitioner's claims," Id. at 514, and in making that determination, courts will note whether it "detailed the events [in question]... provided relevant dates, and included the ages and nationalities[2] of at least some of the relevant persons involved...." Id. See also Erickson v. Pardus, 127 S. Ct. 2197, 2200 (2007); Twombly, 127 S. Ct. at 1974; Kassner v. 2nd Ave. Delicatessen, Inc., 496 F.3d 229, 238 (2d Cir. 2007); Iqbal v. Hasty, 490 F.3d 143, 156 (2d Cir. 2007).

The complaint alleges two claims under Title VII and NYSHRL: (1) that Defendants failed to promote and then terminated Plaintiff on the basis of her gender; and (2) that Defendants subjected Plaintiff to a hostile work environment.

    1.        Failure to Promote/Termination

Plaintiff alleges that Defendants failed to promote and then terminated Plaintiff on the basis of her gender, in violation of Title VII and NYSHRL. Title VII provides that "[i]t shall be

---

[1] Claims brought under the NYSHRL are analyzed under the same standard as those brought under Title VII. See, e.g., Miller Brewing Co. v. St. Div. of Human Rights, 66 N.Y.2d 937 (1985); Kersul v. Skulls Angels, Inc., 495 N.Y.S.2d 886, 888 (Sup. Ct. Queens Co. 1985). Plaintiff's NYSHRL and Title VII claims will be therefore addressed simultaneously. See also Petrovits v. N.Y. City Transit Auth., 2002 U.S. Dist. LEXIS 3426 (S.D.N.Y. 2002)

[2] Swierkiewicz addressed a complaint alleging claims under the ADEA and national origin discrimination under Title VII.

an unlawful employment practice for an employer ... to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's ... sex. . . ." 42 U.S.C. § 2000e-2(a). NYSHRL provides that "[i]t shall be an unlawful discriminatory practice ... [f]or an employer, because of the ... sex ... of any individual, to refuse to hire or employ or to bar or to discharge from employment such individual or to discriminate against such individual in compensation or in terms, conditions or privileges of employment." NY CLS Exec § 296.

To establish a *prima facie* case of discriminatory failure to promote, a plaintiff must show that: (a) she is a member of a protected class; (b) she applied to a position for which she was qualified; (c) she was denied the position; and (d) the circumstances of the adverse employment decision give rise to an inference of discrimination. See Mandell v. County of Suffolk, 316 F.3d 368, 377 (2d Cir. 2003); Howley v. Town of Stratford, 217 F.3d 141, 150 (2d Cir. 2000). A similar test applies to claims of discriminatory termination, which requires a plaintiff to show "(I) that she belonged to a protected class, (ii) that her job performance was satisfactory, (iii) that she was discharged and (iv) that, after she was discharged, the position remained open and the employer continued to seek applicants from persons of complainant's qualifications." Meiri v. Dacon, 759 F.2d 989, 995 (2d Cir. 1985) (citing McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802 (1973)). At this stage, however, Plaintiff need not make out a *prima facie* case, but merely give Defendants fair notice of the basis for her claims. Swierkiewicz, 534 U.S. at 508.

Plaintiff's gender qualifies her as a member of a protected class. See e.g. Fair v. Guiding Eyes for Blind, Inc., 742 F. Supp. 151, 155 (S.D.N.Y. 1990). She has properly alleged facts sufficient to give Defendants fair notice of her claims that she was denied a promotion she

5

sought and was terminated on the basis of her gender, including the dates of the events alleged and the persons allegedly involved. Swierkiewicz, 534 U.S. at 508  Accordingly, Defendants' motion to dismiss Plaintiff's failure to promote and discriminatory termination claims is denied.

    2.    Hostile Work Environment

In order to establish a claim that an employer fostered a discriminatorily hostile work environment, a Plaintiff must allege that the workplace was "permeated with discriminatory intimidation, ridicule, and insult, . . . sufficiently severe or pervasive to alter the conditions of [her] employment and create an abusive working environment." Harris v. Forklift Sys., 510 U.S. 17, 21 (1993); see also Mack v. Otis Elevator Co., 326 F.3d 116, 123 (2d Cir. 2003). "Mere utterance of an ... epithet which engenders offensive feelings in an employee would not affect the conditions of employment to sufficiently significant degree to violate Title VII." Meritor Sav. Bank, FSB v. Vinson, 477 U.S. 57, 67 (1986). In order for "comments, slurs, and jokes to constitute a hostile work environment, there must be more than a few isolated incidents of ... enmity. Isolated incidents or episodic conduct will not support a hostile work environment claim." Richardson v. New York State Dep't of Correctional Serv., 180 F.3d 426, 437 (2d Cir. 1999) (internal citations omitted). Furthermore, the conduct at issue cannot be "merely tinged with offensive sexual connotations, but [must] actually constitute[] discrimination because of sex." Oncale v. Sundowner Offshore Servs., 523 U.S. 75, 79 (1998) (internal citations omitted).

Plaintiff's hostile work environment claim is based upon two isolated comments by Palatta, for which he was reprimanded by Dorr. Palatta Aff., Mot. Exh. D; Dorr Aff., Mot. Exh. B. These allegations are insufficient to state a claim that Plaintiff's workplace was "permeated with discriminatory intimidation ... sufficiently severe or pervasive to alter the conditions of

[her] employment and create an abusive working environment." Harris, 510 U.S. at 21; see also Raum v. Laidlaw Ltd., 1999 U.S. App. LEXIS 8219 (2d Cir. 1999). Thus, Defendants' motion to dismiss Plaintiff's hostile work environment claim is granted.

        D.        Intentional Infliction of Emotional Distress

Plaintiff alleges that Defendants intentionally inflicted emotional distress upon her. "One who by extreme and outrageous conduct intentionally or recklessly causes severe emotional distress to another is subject to liability for such emotional distress." Fischer v. Maloney, 43 N.Y.2d 553, 557 (1978) (quoting RESTATEMENT (SECOND) OF TORTS § 46 (1977)). To state a claim, a plaintiff must allege "extreme and outrageous conduct, which so transcends the bounds of decency as to be regarded as atrocious and intolerable in a civilized society." Freihofer v. Hearst Corp., 65 N.Y.2d 135, 143 (1985) (citing Fischer, 43 N.Y.2d at 557, and Murphy v. American Home Prods. Corp., 58 N.Y.2d 293, (1983)). Neither Paletta's statements nor any other allegations contained in the complaint, if true, would constitute conduct so outrageous as to give rise to a claim for intentional infliction of emotional distress. See Martin v. Citibank, N.A., 762 F.2d 212, 220 (2d Cir. 1985) ("New York courts have been very strict" in reviewing intentional infliction of emotional distress claims for requisite outrageousness); Magee v. Paul Revere Life Ins. Co., 954 F. Supp. 582, 587 (S.D.N.Y. 1997). Accordingly, Defendants' motion to dismiss the intentional infliction of emotional distress cause of action for is granted.

IV.        Conclusion

For the foregoing reasons, the Defendants' motion to dismiss is GRANTED to the extent it seeks dismissal of Plaintiff's claims (1) for hostile work environment; (2) for intentional infliction of emotional distress; and (3) against Defendant McGowan as an individual under Title

7

VII. Defendants' motion is otherwise DENIED.

IT IS SO ORDERED.

                S/sjf

                SANDRA J. FEUERSTEIN

                United States District Judge

                Dated: January 7, 2008

                Central Islip, New York

Copies to:

| Michael J. Borrelli | Saul D. Zabell |
| --- | --- |
| Borrelli& Associates, P.C. | Zabell & Associates, P.C. |
| One Old Country Road | 4875 Sunrise Highway |
| Suite 347 | Suite 300 |
| Carle Place, NY 11514 | Bohemia, NY 11716 |
| 516-248-5550 | 631-589-7242 |
| Fax: 516-248-6027 | Fax: 631-563-7475 |
| Email: micbo@optonline.net | Email: SZabell@laborlawsny.com |
| Attorney for Plaintiff | Attorney for Defendants |